UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 1:19-cv-01228

John Williams,
    Plaintiff,

v.

Midland Credit Management, Inc,
    Defendant.

**COMPLAINT**

1. Plaintiff is an individual consumer who resides in Thornton, CO.

2. Defendant Midland Credit Management, Inc ("Midland") is a "debt collector" as defined in the FDCPA, because they use the U.S. mails in interstate commerce in their business, the principal purpose of which is collecting debts.

3. A different individual who has the same name as Plaintiff, but who has a different social security number ("SSN") and address than Plaintiff, had a Costco Citibank card *0821. That individual resides in Lakewood, Washington.

4. Citibank sold credit card *0821 to Midland for pennies on the dollar pursuant to a standard forward flow agreement, which expressly disclaimed the accuracy or collectability to Midland. Citibank warned Midland in the forward flow agreement that some of the accounts sold would not be due and owing.

5. In or around December 2018, Midland send a letter to Plaintiff demanding payment of ~$13,000 for the Costco Citibank card *0821. Midland called Plaintiff soon afterwards, and he told them that he never had a Costco card, and that the debt was not his. The Midland representative was argumentative with Plaintiff and would not hear his side of the story.

6. Midland again called Plaintiff to collect on the debt, and Plaintiff again explained the debt was not his. Plaintiff asked for the last 4 digits of the SSN on file, and the Midland representative told him it was *3007. Plaintiff told Midland that was

    not his SSN, to which the Midland representative responded "I guess this isn't your account after all."

7. A few days later, Midland called Plaintiff's wife on her cell phone, and demanded that Plaintiff make a payment on the debt. Plaintiff's wife again told Midland they had the wrong John E. Williams. During the call, Midland again stated that the last 4 digits of the SSN on the account were *3007, and Plaintiff's wife again told Midland that was not Plaintiff's SSN.

8. On February 1, 2019, Midland sent Plaintiff a letter demanding payment of $13,310, and threatened Plaintiff that they may be turning the account over to one of their attorneys to sue Plaintiff. The letter encouraged Plaintiff to make a payment by March 13, 2019 to avoid the account being sent to an attorney.

9. On March 1, 2019, Midland sent a letter to Plaintiff informing him that they had completed their investigation, and had determined the debt to be valid. Midland attached a copy of a letter from Citibank to the other John Williams, which was addressed to the other John Williams at 2614 84th St Ct S, Apt F, Lakewood, WA 98499 – an address that Plaintiff has never lived at or been associated with. Plaintiff his lived in Colorado for over 30 years.

10. On March 22, 2019, Midland sent Plaintiff a letter demanding payment in the amount of $13,310.88, and again warned Plaintiff that failure to make a payment by April 17, 2019 might result in Midland turning the file over to their attorneys to sue Plaintiff.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

11. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

12. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), because Midland alleged that Plaintiff was obligated to pay the debt.

13. The money that Midland sought to collect from Plaintiff was a "debt" as defined in 15 U.S.C. § 1692a(5), because the other John Williams that incurred the debt purchased the majority of the goods at Costco for his own personal use.

14. Midland violated the FDCPA in the following ways:

   I. Misrepresenting the character and status of the debt by collecting from the wrong John Williams;
   II. Engaging in generally unfair and deceptive conduct by collecting money from the wrong John Williams;
   III. Threatening to report false information to the credit bureaus – Midland threatened to report this account on Plaintiff's credit report, which would be false because the debt was incurred by a different John Williams;
   IV. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. Midland's violations of the FDCPA caused Plaintiff actual damages to be determined at trial, including but not limited to emotional distress, worry, stress, and inconvenience.

16. Plaintiff seeks maximum statutory damages pursuant to the FDCPA, together with attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

   a. Actual damages to be determined at trial;
   b. Statutory damages of $1,000;
   c. Attorney fees and costs;
   d. For such other relief as may be proper.


s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**