IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01228-REB-KLM

JOHN WILLIAMS,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Amend Scheduling Order and Reschedule Trial Date** [#33][1] (the "Motion"). Plaintiff opposes the Motion [#33].[2] At the Scheduling Conference held on September 3, 2019, the Court set the discovery cut-off for February 21, 2020, and the dispositive motion deadline for April 10, 2020. *Minutes* [#24] at 1. At that same time, a Final Pretrial Conference was set before the Senior Judge for April 9, 2020, with a three-day trial to begin on April 27, 2020. *Id.* at 2. At Plaintiff's unopposed request, the discovery deadline was later extended to March 2, 2020. *Minute Order* [#30].

Although unclear, the dates for the Final Pretrial Conference and for the Jury Trial

---

[1] "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] A judicial officer may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR 7.1(d).

appear to be a product of miscalculating dates that no one, apparently including counsel, caught until recently.  The dispositive motion deadline is currently set for April 10, 2020 (a date which has not been extended since the Scheduling Conference), and this means that dispositive motions would not be briefed on a normal schedule until May 15, 2020, i.e., after trial is currently set to be completed.  *See* D.C.COLO.LCivR 7.1(d).  Further, it is highly unusual for a Final Pretrial Conference to be set prior to a dispositive motion deadline.  For all these reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#33] be **GRANTED** and that the April 9, 2020 Final Pretrial Conference be **VACATED** and that the April 27-29, 2020 Jury Trial be **VACATED**, both to be reset at the convenience of the Senior Judge.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 6, 2020

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge